JOHN S. WILLIAMSON AND NANCY L. WILLIAMSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williamson v. Commissioner
Docket No. 7582-78.
United States Tax Court
T.C. Memo 1981-721; 1981 Tax Ct. Memo LEXIS 16; 43 T.C.M. (CCH) 141; T.C.M. (RIA) 81721; December 23, 1981. *16 John S. Williamson, pro se. Gary A. Benford, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $ 608 in petitioners' Federal income tax for the year 1976. John S. Williamson and Nancy L. Williamson (petitioners) are husband and wife who resided in Tijeras, New Mexico, when the petition was filed in this case. They timely filed their joint Federal income tax return for 1976 with the Internal Revenue Service. the deficiency here arose from respondent's disallowance for lack of substantiation of claimed deductions for medical and dental expenses, taxes, interest, charitable contributions, miscellaneous expenses and employee travel expenses. At the trial of this case petitioner John S. Williamson declined to present substantiating evidence with respect to the adjustments specified in the notice of deficiency, although the Court repeatedly urged him to do so. While petitioners' allegations and arguments, as set forth in their pleadings and briefs, do not easily lend themselves to precise and concise restatement, their constitutional and other challenges may be summarized as follows: (1) the Federal income *17 tax statute is unconstitutional, having no foundation in the Sixteenth Amendment to the Constitution; (2) respondent's determination of deficiency was arbitrary and, therefore, a fraud was perpetrated by respondent upon the petitioners; (3) petitioners were denied their right to a jury trial under the Seventh Amendment; (4) petitioners have been denied due process of law because their Fourth and Fifth Amendment rights have been violated; (5) the amounts claimed by petitioners with respect to each deduction or expense is not above the norm established by the Internal Revenue Service's taxpayer compliance measurement program (TCMP) and the computer program known as the discriminate indicator function (DIF); and (6) petitioners' Federal income tax return is correct as filed, and the burden of proof is on the respondent to prove otherwise. The allegations and arguments made by the petitioners are groundless and meritless. First, the constitutionality of the Federal income tax laws passed since the enactment of the Sixteenth Amendment has been upheld judicially on many occasions. See, e.g., Brushaber v. Union Pac. R.R. Co., 240 U.S. 1 (1916); Cupp v. Commissioner, 65 T.C. 68 (1975), *18 affd. 559 F.2d 1207 (3d Cir. 1977). Second, the deficiency determination here was clearly reasonable in requiring the petitioners to substantiate their claimed deductions and expenses. Certainly no fraud was perpetrated on them. Third, there is no right to a jury trial in the Tax Court, and the denial thereof does not violate the Seventh Amendment. Swanson v. Commissioner, 65 T.C. 1180 (1976); Cupp v. Commissioner, supra.Fourth, there was no violation of petitioners' Fourth and Fifth Amendment rights. See Roberts v. Commissioner, 62 T.C. 834, 837-838 (1974); Figueiredo v. Commissioner, 54 T.C. 1508, 1512 (1970), affd. per order (9th Cir., March 14, 1973). Fifth, even if petitioners established that all of their claimed deductions and expenses are below the norm established by DIF, such fact would not affect the right of respondent to disallow claimed deductions for lack of substantiation. [1] There is no inherent right to deductions; they are matters of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer must be able to point to a particular *19 statute to justify his deduction and establish that he comes within its terms. Deputy v. DuPont, 308 U.S. 488, 493 (1940). Finally, the mere signing of an income tax return under penalty of perjury does not establish the facts contained therein. Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957). It is simply a statement of the taxpayer's claim and it is not presumed to be correct. Roberts v. Commissioner, supra at 837. *20 Respondent's deficiency determination is presumptively correct, and petitioners have the burden of proving that it is erroneous. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. In view of our rejection of petitioners' constitutional challenges and their refusal to present any evidence at trial to substantiate their claimed deductions and expenses, we have no alternative but to sustain respondent's determination. Accordingly, Decision will be entered for the respondent. Footnotes
1. The DIF system is a non-exclusive audit procedure used by the Internal Revenue Service to send out signals that catch the eyes of tax examiners, including the "eyes" of their computers. Claimed deductions may be seen either as "average" or "above average," depending upn the proportion of itemized deductions to gross income. The "average" return is one in which the amount of claimed itemized deductions approximates the average amount claimed by other taxpayers in the same income bracket. If a return is selected for audit by the DIF method, a taxpayer may be required to substantiate his claimed deductions. In the instant case respondent requested the petitioners to substantiate their deductions and expenses. When they declined to offer any substantiation, respondent disallowed all↩ of them. Thus, in such circumstances respondent's determination cannot be viewed as arbitrary or capricious.