JOHN S. AND NANCY L. WILLIAMSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williamson v. Commissioner
Docket No. 42468-86.
United States Tax Court
T.C. Memo 1987-118; 1987 Tax Ct. Memo LEXIS 114; 53 T.C.M. (CCH) 287; T.C.M. (RIA) 87118; March 3, 1987. John S. and Nancy L. Williamson, pro se. Emron M. Pratt, Jr., for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d)(3) of the Code (redesignated sec. 7443A(b)(3) by sec. *115 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rules 180, 181 and 182. [1] It is before the Court on respondent's motion to dismiss for failure to state a claim and to award damages, as well as petitioners' motion to dismiss and counterclaim. Respondent determined deficiencies in petitioners' Federal income taxes as follows: John S. Williamson
Tax
Additions to Tax
Year
Deficiency
§ 6653(b)(1) [2]
§ 6653(b)(2)
§ 6654
1980
$1,471.77
$735.89
$93.78
1981
736.03
368.02
56.40
1982
2,077.30
1,038.65 * [3]
202.25
Nancy L. Williamson
Tax
Additions to Tax
Year
Deficiency
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654
1980
$1,199.00
$299.75 $59.95 $76.40
1981
823.00
205.75
41.15 * [4]
63.06
1982
1,183.46
295.87
59.17 * [5]
115.22
Both of respondent's deficiency determinations were based upon petitioners' failure to file returns; *116 gross receipts were computed on the basis of bank deposits and cash payments. Respondent determined self-employment taxes for petitioner John Williamson and determined that the underpayments were due to fraud. Respondent determined that Nancy Williamson's underpayments were due to negligence. When petitioners filed their petition herein, they were residents of Tijeras, New Mexico. They attached to their petition a "Counterclaim" alleging that respondent Commissioner and certain named persons issued a fraudulent "ninety (90) day letter" with the intent to defraud petitioners, that they issued fraudulent notices of levy with the intent to extort and without authority, that they did extort funds from petitioners and fraudulently issued a notice of Federal tax lien. Petitioners went on to describe this court as a "KANGAROO" court which abrogates their right to a trial by jury. They also contend *117 that wages and salaries are not income. We have told these petitioners before that their arguments are frivolous and groundless. Thus in Williamson v. Commissioner,T.C. Memo. 1981-721, in regard to petitioners' 1976 tax year we stated, inter alia, The allegations and arguments made by the petitioners are groundless and meritless. First, the constitutionality of the Federal income tax laws passed since the enactment of the Sixteenth Amendment has been upheld judicially on many occasions. See, e.g., Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). Second, the deficiency determination here was clearly reasonable in requiring the petitioners to substantiate their claimed deductions and expenses. Certainly no fraud was perpetrated on them. Third, there is no right to a jury trial in the Tax Court, and the denial thereof does not violate the Seventh Amendment. Swanson v. Commissioner,65 T.C. 1180 (1976); Cupp v. Commissioner,supra.Fourth, there was no violation of petitioners' Fourth and Fifth *118 Amendment rights. See Roberts v. Commissioner,62 T.C. 834, 837-838 (1974); Figueiredo v. Commissioner,54 T.C. 1508, 1512 (1970), affd. per order (9th Cir., March 14, 1973). Subsequently, petitioners filed another petition with this Court in regard to their 1978 and 1979 tax years. That petition, which contained the same sort of allegations as their earlier case, was dismissed for lack of prosecution on October 17, 1984. We advised petitioners in our 1981 memorandum decision that their arguments were frivolous and groundless. Nevertheless, they have continued to file papers herein which are completely frivolous, groundless and nonsensical, [6] see Snead v. Commissioner,733 F.2d 719 (10th Cir. 1984); Rowlee v. Commissioner,80 T.C. 1111 (1983); United States v. Lawson,670 F.2d 923 (10th Cir. 1982), and we refuse to further waste the resources of this Court by any discussion of matters long settled. McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). *119 Respondent's motion to dismiss for failure to state a claim is well taken. Petitioners have failed to raise any justiciable issues of law or of fact. Their petition states that compliance with the tax code is voluntary and that they owe no taxes. The attached "Counterclaim" to their petition alleges that the only individuals required to pay income tax are Federal government employes. They nowhere claim that they did not receive the funds in question. Neither do they claim an entitlement to exclusions, deductions or credits greater than those allowed them by respondent in the deficiency notices. As to these items, petitioners bear the burden of proving respondent's deficiency determinations are erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Our Rule 34(b)(4) provides, inter alia, "Any issue not raised in the assignment of errors shall be deemed to be conceded." We hold that petitioners have conceded that there are no factual questions to be determined by this Court and they have failed to raise any justiciable questions of law. After the filing of respondent's motion, petitioners filed two papers. The first was labeled "Motion To Dismiss *120 Plaintiffs Claim In 90 Day Letter And Grant Defendants Counterclaim." In it petitioners contend that this Court has no statutory authority to enter a binding opinion in this matter; that this Court follows the procedures used in communist courts; that it unconstitutionally denies citizens a jury trial; that petitioners are not Federal government workers and therefore are not taxable under the Code; and that the United States Supreme Court has determined that there is no tax on wages. This document ends with petitioners' prayer "that the LORD GOD will show the plaintiffs [respondent] and the tax court the folly of their communist lying, cheating ways and they will dismiss the claim by the Plaintiffs [sic]." Subsequently, petitioners filed another document labeled "Defendants Objection To Plaintiffs Motion To Dismiss." In this paper they continue their harangues against the Internal Revenue Service and this Court. Surely the only rationale for petitioners' scurrilous commentary is to delay the imposition of the taxes due for these years. We note that in neither document do petitioners allege that they filed returns, that they have less income than computed by respondent, or that *121 they were entitled to more deductions and credits than were allowed by respondent in his deficiency notices. These petitioners have failed to state any claim upon which this Court can grant relief. The petition and other filings in this case, while perhaps notable for their hyperbole and vituperation, represent nothing more than a long litany of stale arguments which have been rejected by this and every other court in this country which has considered such allegations. Petitioners know that they are wrong. They have been directly advised of the invalidity of their arguments already by this Court in earlier matters. Their persistence in continuing these arguments is more than wrong-headed. It represents a deep-seated contempt for the laws and institutions of this country. We find their petition and other filings to be frivolous and groundless. In addition, we find that they filed such papers for purposes of delay. Accordingly, respondent's request for damages is similarly well taken and the United States is herewith awarded damages in the amount of $5,000. In his deficiency determination, respondent imposed an addition to tax for fraud upon John Williamson with an alternative *122 contention of additions to tax under section 6651 and 6653(a) for each year. In his motion to dismiss, respondent has conceded for purposes of his motion his determination of fraud additions and relies upon his alternative determination as follows: Additions to Tax
Year
Tax
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654
1980
$1,471.77
$367.94
$73.59
$93.78
1981
736.03
184.01
36.80 * [7]
56.40
1982
2,077.30
519.33
103.87 * [8]
202.25
Sections 6651(a)(1), 6653(a)(1) and 6654 provide for additions to tax for failure to file a timely return, negligence or intentional disregard of rules and regulations, and underpayment of estimated tax, respectively. Petitioners bear the burden of proving that they are not liable for these additions to the tax. Neubecker v. Commissioner,65 T.C. 577, 586 (1975); Enoch v. Commissioner,57 T.C. 781, 802 (1972). Section 6653(a)(2) provides for an additional 50 percent of the interest due on the underpayment due to negligence. Petitioners did not file valid returns *123 for 1980, 1981 and 1982. We find that petitioners have failed to plead any cause or otherwise show respondent's determinations to be in error and that, accordingly, petitioners are liable for all tax and additions to tax as determined by respondent, subject to respondent's concession of the additions to tax for fraud. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent's determination also contains an alternative determination of additions to tax under sections 6651 and 6653(a) for each year. ↩
3. 50 percent of the interest due on $2,077.30. ↩
4. 50 percent of the interest due on $823. ↩
5. 50 percent of the interest due on $1,183.46.↩
6. As the Seventh Circuit stated in Coleman v. Commissioner,791 F.2d 68, 69 (7th Cir. 1986): Some people believe with great fervor preposterous things that just happen to coincide with their self-interest. "Tax protesters" have convinced themselves that wages are not income, that only gold is money, that the Sixteenth Amendment↩ is unconstitutional, and so on. These beliefs all lead -- so tax protesters think -- to the elimination of their obligation to pay taxes. The government may not prohibit the holding of these beliefs, but it may penalize people who act on them.
7. 50 percent of interest due on $736.03. ↩
8. 50 percent of interest due on $2,077.30.↩