John S. WILLIAMSON and Nancy
Williamson, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. Civ. 96–1082–M.

United States District Court,
D. New Mexico.

Aug. 19, 1999.

**1218**

John S. Williamson, Tijeras, NM, pro se.

Nancy L. Williamson, Tijeras, NM, pro se.

John J. Kelly, U.S. Attorney's Office, Albuquerque, NM, Mary C. Vance, Joseph A. Pitzinger, III, Dept. of Justice, Dallas, TX, for U.S.

## MEMORANDUM OPINION AND ORDER

MECHEM, Senior District Judge.

This case came on for non-jury trial, and Plaintiffs appeared pro se on claims against the Internal Revenue Service (IRS). Plaintiffs challenge, first, the procedural accuracy of IRS tax assessments, liens and levies, and secondly, the lawfulness of IRS's use of Plaintiffs' confidential information. I find and conclude in favor of Defendant on all issues and enter the following as findings of fact and conclusions of law.

### I.

### Jurisdiction

Jurisdiction and venue are proper. Plaintiffs are husband and wife taxpayers who live in Bernalillo County, New Mexico. Together, Plaintiffs have been entangled with the Internal Revenue Service for approximately two decades. They bring the present case as a quiet title action pursuant to Title 28 U.S.C. sec. 2410, and seek to invalidate tax liens and levies made against them, to enjoin future IRS collection efforts, and to collect money damages for unlawful disclosure of confidential tax return information.

Plaintiffs state three causes of action in their Complaint. First, Plaintiffs contend that for the years 1980, 1983–1987, 1989, 1991–1993, the IRS failed to make and notice tax assessments according to the specific procedural demands of the Internal Revenue Code and IRS regulations and that improperly processed assessments, liens and levies should be declared illegal. Plaintiffs assert that the failure to follow its own procedures regarding notice of a tax deficiency, notice of an assessment, notice of lien, and notice of levy invalidate all of IRS's rights to collect unpaid taxes from Plaintiffs for the years at issue.

By a second cause of action, Plaintiffs request withdrawal of all lien claims against them and an injunction against future collection actions by IRS. In a third cause of action pursuant to 26 U.S.C. sec. 7431, Plaintiffs allege that when IRS filed lien notices with the Bernalillo County Recorder and afterward published a notice in a local newspaper offering Plaintiffs' real property for sale, IRS wrongfully disclosed Plaintiffs' identity and confidential tax return information. In this third cause of action, Plaintiffs request one thousand dollars for every time the advertisement of the sale included their names and other confidential information and one thousand dollars for every time an inquiry concerning the sale resulted in a communication about the Plaintiffs.

Plaintiffs do not argue that the taxes in question are not owed. Rather, Plaintiffs pursue claims of procedural irregularities in the establishment of liens

and levies. Because Plaintiffs do not contest the underlying validity of the IRS assessments (an action barred by 26 U.S.C. sec. 7421), original subject matter jurisdiction exists in the district court. *James v. United States,* 970 F.2d 750, 753 (10th Cir.1992). The United States has waived sovereign immunity and the court properly exercises jurisdiction. *Id.; Guthrie v. Sawyer,* 970 F.2d 733, 735 (10th Cir.1992). Allegations that the IRS has failed "to assess properly or to send valid notices of assessment and demands for payment are procedural defects cognizable in a quiet title action;" *Id.* at 755; and an "assertion that the required notice of intent to levy under sec. 6331(d) was not sent ... is a claim within the grant of jurisdiction under sec. 2410." *Id.* In addition, while a quiet title action does not permit return of monies already collected by IRS, 26 U.S.C. sec. 2410, it allows some forms of injunctive relief not prohibited by the Anti–Injunction Act. 26 U.S.C. sec. 7421. Therefore, all of Plaintiffs' present claims and prayers for relief are within the power of the court.

## II.

### Issues Resolved Prior to Trial

Some issues were resolved before trial. In response to cross motions for summary judgment, a Memorandum Opinion filed October 22, 1997, determined that on June 7, 1990, IRS sent notices of deficiency to Plaintiff Nancy Williamson for taxes due in 1983 through 1987, and that in June 1994, it sent notices of deficiency to Nancy Williamson for 1991 and 1992. All of these were returned to IRS unopened. Finding irregularities on their face, the Memorandum Opinion found Defendant's notices to Plaintiff Nancy Williamson insufficient to prove the notice required by Title 26 U.S.C. sec. 6303(a), notice and demand within sixty days of an assessment, but sufficient to establish the notice required pursuant to section 6213, notice precipitating a levy. The Memorandum Opinion, citing *Gille v. United States,* 33 F.3d 46 (10th Cir.1994), *aff'd* 514 U.S. 1063, 115 S.Ct. 1690, 131 L.Ed.2d 555 (1995), also held that receipt of the notice is not necessary, and despite Plaintiffs' refusal to accept the notices, the notices sent and returned as "undeliverable" were valid.

By the same Memorandum Opinion and Order, Defendant was ordered, pursuant to Title 26 U.S.C. sec. 6335(e)(1)(D), to release the levy on Plaintiffs' real property which was advertised for sale at public auction, but was not sold. Defendant failed to comply with this Order in a timely manner, but release of the levy was eventually completed in April, 1998. Because Plaintiffs refused their IRS mail, they were not aware of this release until immediately prior to trial. Even had they received the notice of release at an earlier time, Plaintiffs contest Defendant's late compliance and argue adamantly that the levy was not released until long after it should have been. Yet, Plaintiffs fail to establish any harm or prejudice from the delay. Neither do Plaintiffs refer to a right violated or a remedy provided. Since the property is now released and not subject to levy, and since no sale (either by Plaintiffs or by Defendant) was attempted or consummated during the period the property should have been released from levy, I see no way to correct or remedy Defendant's error and no measure by which to compensate Plaintiffs for Defendant's untimely action. Therefore, I deem compliance with the 1997 Order complete, the Plaintiffs ultimately unharmed by Defendant's failure to comply in a timely manner, and I consider the issue moot.

Also prior to trial, Defendant adjusted the amounts it claimed due from Plaintiffs in past taxes. IRS originally claimed taxes due from Plaintiff John Williamson for 1980, but in documents filed in this case on February 19, 1999, IRS stated it no longer claimed a liability for 1980, because these taxes are beyond the statute of limitations and uncollectible. Defendant thus claims taxes due from Plaintiff John Williamson for the years 1983 through 1987, and for 1993. IRS originally claimed taxes due from Plaintiff Nancy Williamson for the

years 1983–1987, 1989, and 1991–1993, but immediately prior to and during the course of trial, IRS stated that taxes due from Nancy Williamson had been paid. These taxes were collected in full by levies upon Plaintiff's payroll at the University of New Mexico. While Plaintiffs cannot by this action seek return of the funds now in IRS hands, *Huff v. United States,* 10 F.3d 1440 (9th Cir.1993), the issue is not moot because Plaintiffs contest the validity of the UNM levy and the procedures preceding it.

Thus, what remains at issue after the matters disposed of pretrial are (1) whether in its collection efforts IRS sent Plaintiffs all required notices pursuant to Title 26 U.S.C. sec. 6303(a), (2) whether IRS complied with all other administrative procedures mandated by the Internal Revenue Code and IRS regulations, (3) in the event IRS failed to comply with its own procedures, whether the injunction Plaintiffs request to halt IRS collection efforts in the future violates the Anti–Injunction Act; and (4) whether Plaintiffs are entitled to damages because Defendant wrongfully released tax return information.

### III.

### Notice Requirements

The initial sections of the Internal Revenue Code, beginning at Title 26 U.S.C. sec. 6012, prescribe who must file an income tax return and how various kinds of income are to be reported. At 26 U.S.C. sec. 6151, the Code requires that tax returns be filed and taxes paid "without assessment or notice and demand from the Secretary [of the Treasury] . . . ." In the event a taxpayer fails to comply and report or pay taxes or a taxpayer's return is incorrect or otherwise incomplete or improper, the Secretary is authorized and required "to make the inquiries, determination, and assessments" of taxes due. 26 U.S.C. sec. 6201.

When it becomes necessary for the Secretary to make inquiries, as directed by the tax code, or determine and assess taxes, either initially or in addition to what a taxpayer has reported due, IRS regulations, at 26 C.F.R. sec. 301.6201–1(a), delegate the Secretary's responsibility for supplementing and correcting tax returns to IRS district directors and regional service center directors, who appoint "assessment officers" to adjust tax liabilities not reported or reported erroneously. 26 C.F.R. sec. 301.6203–1; 26 U.S.C. sec. 6212, 6213. Assessment officers make adjustments and corrections to a return by entering a formal assessment of liability and signing a "summary record of assessment" (Form 23C Assessment Certificate). 26 C.F.R. sec. 6203–1. A taxpayer is made aware of these changes to his or her tax return and informed of additional tax, when due (except in the case of mathematical and clerical errors), by a "notice of deficiency" which is sent by certified or registered mail to the taxpayer. 26 U.S.C. sec. 6212(a). A deficiency is specifically defined as an amount of tax owed which exceeds the amount already assessed or paid. 26 U.S.C. sec. 6211(a). The Secretary of the Treasury, through IRS, is empowered and required to collect all taxes and deficiencies imposed by the Internal Revenue Code. 26 U.S.C. sec. 6301. The Code and IRS regulations define how these collections are to occur.

The notice of deficiency is critical. The Internal Revenue Code specifically provides that "no assessment of a deficiency . . . and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer. . . ." 26 U.S.C. sec. 6212(a), 6213(a). Except for additional tax due because of a mathematical or clerical errors, the IRS cannot act on a deficiency for 90 days from the date the notice is sent, in order to allow the taxpayer an opportunity to contest the determination of a deficiency in the United States Tax Court. 26 U.S.C. sec. 6213(a). If no petition in Tax Court is filed within the 90–day period, the deficiency is assessed and owing. The Secretary then sends another notice to the taxpayer which includes a demand for payment. 26 U.S.C. sec.

6213(c). With some exceptions, both the first notice of a claimed deficiency and the second notice with demand for payment are statutory prerequisites to any action to collect the taxes due. *Meridian Wood Products Co., Inc. v. United States*, 725 F.2d 1183, 1186 (9th Cir.1984). An exception to this procedure is a penalty assessment for the filing of a frivolous return. 26 U.S.C. sec. 6702, 6703.

## IV.

### Plaintiffs' Theory of the Case

Plaintiffs maintain the position that since they did not receive the required notices, IRS must have failed to send them, and therefore, IRS failed to comply with mandatory procedures and cannot collect on any asserted deficiencies. Other than their own testimony, however, Plaintiffs offer nothing to support their claims. At the same time, Defendant's exhibits include not only the notices at issue or evidence of an exception to notice requirements, but also numerous instances of returned and refused mail addressed to Plaintiffs. The latter totally undermines Plaintiffs' case which rests completely on the negative, that notices were not sent because notices were not received. It appears Plaintiffs depended entirely on their hope or their expectation that Defendant could not prove compliance with the Internal Revenue Code and IRS regulations. Because Defendant establishes compliance and Plaintiffs do not bring Defendant's evidence into question or counter it with any objective evidence of their own, Plaintiffs' case fails.

■ Plaintiffs do not dispute they refused and returned IRS mail. Plaintiff John Williamson admitted on cross-examination that he had refused mail from IRS and had marked it for return without opening it and without knowing its contents. Plaintiffs nevertheless dispute the sufficiency of IRS mailings, largely because the IRS mail was sent, at times, to two different addresses, and not consistently to "the last known address." Defendant's evidence, however, includes sev-

eral instances of mail marked "refused," "returned," and "undeliverable," and from this it appears both forms of address reached Plaintiffs' home. Even though IRS regulations refer to "last known address," the evidence indicates actual receipt at the proper location regardless of what was listed on the envelope: and it is the actual receipt at Plaintiffs' residence and not the form used that is relevant and conclusive. Noting that some of Plaintiffs' tax liability, such as for a frivolous return and a mathematical error, results in exceptions to the notice of deficiency requirement, Defendant's evidence is sufficient to establish that notices were sent as required.

■ The burden of proof, of course, that Defendant failed to comply with the Internal Revenue Code rests with Plaintiffs. *G.M. Leasing Corp. v. United States*, 514 F.2d 935 (10th Cir.1975), *rev'd on other grounds* 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977). In the Memorandum Opinion filed October 22, 1997, I stated that "defendant has the initial burden of production and persuasion;" and at trial, Defendant by its exhibits and two witness employed by IRS who are familiar with IRS procedures, record-keeping and Plaintiffs' files, presented documentation which met this demand. Plaintiffs did not counter.

■ Plaintiffs insist that Defendant's trial exhibits should not have been accepted because Defendant failed to comply with Rule 26 and other discovery deadlines. Defendant was admonished at the time of trial for this untimely compliance. Both sides agreed, however, that the documents Defendant produced as trial exhibits had been provided to Plaintiffs in advance of trial, and Plaintiffs cannot claim surprise or lack of opportunity to respond. Plaintiffs' point is simply that the exhibits were not provided when they should have been. In fact, some of Plaintiff's discovery and some of Defendant's trial exhibits reached Plaintiffs much later than what should have occurred by dictate of the

Federal Rules of Procedure. Still, I see no need for total exclusion of Defendant's exhibits. Under the circumstances, I believe exclusion is not justified and too harsh a solution. Even though Defendant has not complied with several discovery deadlines, Defendants in every instance eventually submitted to Plaintiffs everything requested and everything to be used by Defendant at trial. Plaintiffs were not deprived of a fair trial and, in all likelihood, not prejudiced at all by Defendant's late responses. Plaintiffs were aware at the time of trial of Defendant's case, what was available for Plaintiffs use at trial, and what at trial would require Plaintiffs' response.

What the parties have filed post trial in response to my inquiry regarding Exhibits 113, 114, 115 and 116 supports the conclusion that Defendant's exhibits are properly and justly admitted. I am satisfied with Defendant's response to my post trial order and will impose no sanctions. My concern remains that this case could have been completed at an earlier point in the proceedings had counsel for the Department of Justice followed the Federal Rules of Civil Procedure, complied fully with the orders of the Magistrate Judge, and organized and presented his documents for the Court and for the Plaintiffs in a more timely, concise and understandable fashion. His neglect has caused considerable delay and confusion. There is absolutely no reason for re-numbering exhibits already admitted as if they were new materials, and without doubt it is poor practice for counsel not to make clear what materials are being presented to a witness and for what purpose, but Defendant's response after trial has clarified the confusion. Counsel's pretrial and trial practices may be untimely, cumbersome and confusing, but they do not rise to sanctionable conduct.

In any event, the obligation to prove the case as stated in the Complaint is the Plaintiffs' and in documents filed with the Court and admitted at trial, rather than support their own position, Plaintiffs concede much of the Defendant's case. In the end, Plaintiffs provided nothing but their own insistence that Defendant has not complied with statutory and regulatory requirements. These arguments alone are not enough. *Id.* It seems to me exceedingly difficult for the Plaintiffs to maintain as the theory of their case that they have not received IRS notices, when they have openly and continuously refused all or nearly all IRS mail directed to them. Regardless, once Defendant presented its documentation, Plaintiffs did nothing to counter what Defendant presented or otherwise to substantiate their claims. Plaintiffs presented simply their own conclusions and their insistent arguments that Defendant failed to meet its obligations. The evidence, on the other hand, supports the Defendant's compliance.

V.

Defendant's Evidence

In the 1997 Memorandum Opinion, I expressed reluctance to accept Defendant's proffered exhibits as proof of compliance with mandatory notice procedures because of questionable entries in the IRS records, such as notice dates occurring on a weekend or a national holiday. At trial, Defendant explained IRS procedures, computers that run 24 hours every day, and other irregularities in Defendant's documents which were noted in the Memorandum Opinion. Plaintiffs did not dispute any of these explanations. With prior inconsistencies and apparent errors in IRS records satisfactorily addressed, then, I find Defendant's documents a reasonable, credible and reliable record. By reason of this record, I believe Plaintiffs have not established their case that notices were not sent as required, and to the contrary, I find Defendant's exhibits sufficient to establish that in assessing and collecting tax from Plaintiffs, Defendant acted wholly in accord with statutory and regulatory requirements. Having accepted Defendant's exhibits and explanations, I find both notices of deficiency and notices of assessment for the years at issue were either not

required by clear statutory exception or were properly sent to both Plaintiffs. I also find that Defendant provides evidence to establish proper notices of liens, levies, and seizure of Plaintiffs' real property. I therefore conclude that Defendant has complied with its statutory and regulatory obligations and collection of taxes due from Plaintiffs is proper.

■■■■ This conclusion that Defendant has fully complied includes 1993, because Plaintiff Nancy Williamson's assessment in that year involved a frivolous return and a notice of deficiency was not required. 26 U.S.C. sec. 6702, 6703. This conclusion also includes 1992, even though IRS admits it sent no notice of deficiency to Plaintiff John Williamson in that year. In 1992, Plaintiff's deficiency in the tax reported due was the result of a mathematical error; and in the event of a mathematical or clerical error, no notice of deficiency is required. 26 U.S.C. sec. 6213(b). A mathematical or clerical error is defined as "an error in addition, subtraction, multiplication, or division shown on any return," "an incorrect use of any table provided by the Internal Revenue Service . . . if such incorrect use is apparent from the existence of other information on the return," "an entry on a return of an item which is inconsistent with another entry," "an omission of information which is required," and "an entry on a return of a deduction or credit in an amount which exceeds a statutory limited." 26 U.S.C. sec. 6213(g)(2). When amounts in excess of what is listed on a tax return result from the taxpayer's mathematical or clerical error, the deficiency is set out for taxpayers by a notice or form which explains the error made. This is sufficient under the statute. *Id.* Within 60 days, a taxpayer may request abatement of additional tax attributed to mathematical or clerical error, but no petition in Tax Court is allowed, and thus, there is no need for a notice of deficiency. *Id;* 26 U.S.C. sec. 6213(b)(1), 6213(b)(2).

Where there is no request for abatement, then, no notice of deficiency is sent at any point. *Id.* If a taxpayer charged with additional tax because of a mathematical error requests an abatement, and IRS denies the request, IRS must afterward comply with the requirements of sec. 6213(a) and send the taxpayer a notice of deficiency. In this circumstance the notice of a deficiency is a necessary step before collection of additional tax could occur. 26 U.S.C. sec. 6213. That is not what happened in the present case. Plaintiff John Williamson did not request an abatement; and because there was no request for abatement, no notice of deficiency was necessary. *Id.* An explanation from IRS suffices to give notice where a mathematical error occurs, and after the explanatory notice, collection of the additional tax may begin. *Id.* Because the evidence fully supports a sequence of events in this case which obviates the need for a notice of deficiency, Defendant has met all statutory and regulatory obligations prerequisite to collecting taxes claimed for all years at issue.

## VI.

### Liens, Levies, Seizure and Sale

Once requisites of notice and demand have been met, and the tax due is not paid, a lien arises against the property of the taxpayer. 26 U.S.C. sec. 6321. In general, this lien is valid until all tax liabilities have been satisfied or become unenforceable through the lapse of time, 26 U.S.C. sec. 6322; and in order to perfect the lien against creditors of the taxpayer, IRS may file notice of a federal tax lien with a county recorder's office. 26 U.S.C. sec. 6321 and sec. 6323. Levies to enforce a lien and collect the tax due may be undertaken anytime within ten years of the initial assessment. 26 C.F.R. sec. 301.6502–1(a). Release of the lien need not occur until the entire tax liability shown on the notice of lien has been paid. 26 U.S.C. sec. 6325; 26 C.F.R. sec. 401.6325(b).

If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect

such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property ... belonging to such persons or on which there is a lien provided in this chapter for the payment of such tax. 26 U.S.C. sec. 6331(a).

Levy may be made under subsection (a) upon the salary or wages or other property of any person with respect to any unpaid tax only after the Secretary has notified such person in writing of his intention to make such levy. 26 U.S.C. sec. 6331(d)(1).

In order for Defendant to collect tax due by a levy of the taxpayer's property, IRS must provide a notice of levy. *Id.; James v. United States, supra,* at 756. "The notice required ... shall be (A) given in person, (B) left at the dwelling or usual place of business of such person, or (C) sent by certified or registered mail to such person's last known address, no less than 10 days before the day of the levy." 26 U.S.C. sec. 6331(d)(2); 26 C.F.R. sec. 301.6331–1(a).

Levy may be made upon the salary, wages, or other property of a taxpayer for any unpaid tax no less than 30 days after the district director, the service center director, or the compliance center director has notified the taxpayer in writing of the intent to levy. The notice must be given in person, left at the dwelling or usual place of business of the taxpayer, or be sent by registered or certified mail to the taxpayer's last known address. The notice of intent to levy is separate from, but may be given at the same time as, the notice and demand described in sec. 301.6331–1. 26 C.F.R. sec. 301.6331–2.

Defendant may seize a taxpayer's property or rights in property and place the seized property for sale to satisfy an assessment; and this process is similarly controlled by notice and time constrictions. An intention to levy must be noticed 10 days prior to any action taken. 26 C.F.R. sec. 301.6331(a) and sec. 301.6335–1(a)(3). In general, a notice of seizure follows the notice of intent to levy. After seizure, a sale must take place not less than 10 days nor more than 40 days from the date of public notice, and the place of the sale must be within the county in which the property is seized. 26 C.F.R. sec. 301.6335–1(c)(1). The property may be sold at public auction with open, competitive bids or at a public sale with sealed bids, and bids are to be solicited through a public notice of sale. 26 C.F.R. sec. 301.6335–1(c)(6). A minimum price must be set prior to sale, which may be announced either before the sale begins or after the receipt of the highest bid. 26 C.F.R. sec. 301.6335–1(c)(3)(i).

"As soon as practicable after seizure of property, the internal revenue officer seizing the property shall give notice in writing to the owner of the property ... The written notice shall be delivered to the owner ... or left at his usual place of abode or business.... If the owner cannot be readily located, ... the notice may be mailed to his last known address. Such notice shall specify the sum demanded and shall contain, in the case of personal property, a list sufficient to identify the property seized and, in the case of real property, a description with reasonable certainty of the property seized." 26 C.F.R. sec. 301.6335–1(a).

Plaintiffs challenge, first, levy of Plaintiff Nancy Williamson's payroll from the University of New Mexico. I find no procedural irregularities in this levy. Defendant had a valid lien at the time on all of Plaintiff Nancy Williamson's property and rights to property. IRS perfected the lien and affirms filing two lien notices in Bernalillo County, New Mexico, in June, 1995, naming Plaintiff Nancy Williamson. Notice of Intent to Levy was sent to Plaintiff on May 2, 1996, by certified mail which was later returned to IRS unopened. Jacqueline Sena, a local IRS revenue officer who worked on the Plaintiffs' cases, testified at trial that IRS also served a Notice of Levy on July 16, 1996. Ms. Sena stated that no notice of seizure was sent before levying on University of New Mexico wages because in the case of a levy "on

bank accounts and wages," none is required. See: 26 C.F.R. sec. 404.6334(d)–1; 26 C.F.R. sec. 403.25. Plaintiff provided nothing to counter this evidence. Further, Ms. Sena's testimony supported Defendant's and not Plaintiffs' position with regard to the use of two addresses. Clearly, IRS had duplicate addresses for Plaintiffs and IRS apparently, and inexplicably, used both addresses intermittently. The street address was used at least in 1991 and in 1998; the Star Route was used in 1996 and at other times. The evidence supports delivery of the IRS mail to Plaintiffs, regardless of whether the mail was addressed to a Star Route or a street address, and specifically supports delivery of the Notice of Intent to Levy. This mail was returned with the designation "unclaimed," a designation which leaves only one reasonable inference, that the mail was delivered and deliverable to Plaintiff, and Plaintiff refused to accept it or to pick it up at the Post Office when noticed of its existence.

■ Plaintiffs' challenge to the levy therefore fails. The notices sent meet Defendant's statutory obligations, even though Plaintiff refused to accept it. *Gille v. United States, supra.* Thus, I conclude that Defendant fully complied with both the Internal Revenue Code and IRS regulations, has created legal and effective liens, and was properly positioned to execute levy upon Plaintiff Nancy Williamson's payroll.

Plaintiffs also contest Defendant's levy upon their real property. Again, Defendant held a proper and perfected lien. In June, 1995, in addition to the lien which named Plaintiff Nancy Williamson, IRS filed a tax lien notice in Bernalillo County, New Mexico, reflecting consolidated claims for 1983–87, 1985–87, and 1993 taxes against Plaintiff John Williamson. Again, Defendant's evidence demonstrates that subsequent to these filings, IRS sent proper notices of levy and seizure. These notices include one posted on Plaintiff's fencepost, as stated in testimony of Defendant's witness, Bob Dean, from the IRS Austin Ser-

vice Center, who testified that he is the custodian of the Plaintiffs' tax records, and as included in Plaintiffs' admissions. See: Plaintiffs' Trial Memorandum filed January 29, 1999. In Plaintiffs' words: "On June 21, 1996, the IRS left a 'Notice of Seizure' taped to the gate of a piece of real property which is in escrow on a real estate contract of which plaintiffs are the purchasing party." Posting of the notice is clearly permitted by IRS regulations. *Id.*

The record clearly indicates, as well, the setting of a minimum price. Time constraints are also met. In the same Trial Memorandum Plaintiffs state: "The IRS then published a 'Public Auction Sale' notice in the *Albuquerque Journal* newspaper ... advertising the property for auction on August 7, 1996. This is precisely what the regulations require." *Id.* These records were admitted as trial exhibits and not challenged or refuted by Plaintiffs.

## VII.

### Disclosure of Tax Return Information

■ The tax deficiencies, assessments, liens and levies having been properly noticed, Plaintiffs' claims of unauthorized disclosure must also fail. "If a notice of lien has been filed ..., the amount of the outstanding obligation secured by the lien is authorized to be disclosed as a matter of public record." 26 C.F.R. sec. 301–6323(i)–1(c). "A claim of wrongful disclosure under sec. 7431 requires (1) that the IRS disclosed confidential tax return information either knowingly or negligently, and (2) that this disclosure was not authorized by sec. 6103 of the Internal Revenue Code. 26 U.S.C. sec. 6103(a), 7431(a)(1)." *Wilkerson v. United States,* 67 F.3d 112, 115 (5th Cir.1995).

■ Disclosures in the present case are not disputed. I find, however, that all of these disclosures are authorized by the Internal Revenue Code and that Defendant did nothing unlawful. "Although the Tax Code generally prohibits the disclosure of tax return information, it authorizes disclosure when the tax return

information relates to collection activities, including a levy on assets to satisfy an outstanding tax liability." *Venen v. United States,* 38 F.3d 100 (3rd Cir.1994). Where the release of return information results from IRS collection activities, disclosures are not wrongful, and use of the information in connection with a levy operates to justify the release independently of whether or not the levy was wrongful or the levy procedures were defective. 26 U.S.C. sec. 6103(k)(6); *Wilkerson v. United States, supra.*

 Plaintiffs complain of tax return information released in conjunction with a levy on Plaintiff Nancy Williamson's payroll and a seizure and attempted sale of real property. Both the Tax Code at sec. 6103(k)(6) and regulations promulgated under this provision permit disclosure when it is related to establishing liens and levies or effecting a seizure or sale of taxpayer property. 26 C.F.R. sec. 301.6103(k)(6)–1(b)(6). Where "any person liable to pay any tax neglects or refuses to pay the same after demand," all property and rights to property become immediately subject to a lien "in favor of the United States upon all property, whether real or personal, tangible or intangible, belonging to such person." 26 C.F.R. sec. 301.6321–1. A valid lien is effective not only as to all property of the taxpayer at the time the lien arises, but also as to any property or rights to property acquired by the taxpayer after the lien has entered. Notice of a lien, in order for a lien to be enforceable against certain creditors, must be filed publicly in a State or county office, according to the law of the State and county in which the property is located. 26 C.F.R. sec. 301–6323(f)–1(a).

Without stating the proposition directly, Plaintiffs seem to contend, as did the plaintiffs in *Venen v. United States, supra,* that because the IRS levies in this case were unlawful, the wrongful levies make the release of information relating to these activities equally unlawful, irrespective of the releases permitted by sec. 6103(k)(6). The question, however, in seeking dam-

ages for release of confidential information in the collection setting, is whether the lawfulness of the levy is relevant. The weight of authority concludes that it is not. *Id.* at 104–105; *Wilkerson v. United States, supra* at 117. In any event, I find the liens, levies and seizures lawful. Plaintiffs third claim, therefore, also fails.

For all of the above reasons, I find and conclude that as to each of their claims, Plaintiffs have failed to present convincing evidence in support of the claim or to carry their burden of proof in this suit. I also find and conclude that the evidence presented by Defendant establishes IRS compliance with all notice and procedural requisites for the assessment and collection of additional tax due from both Plaintiffs for the years at issue. The Defendant's actions having been authorized by the Internal Revenue Code and IRS regulations, I therefore enter a separate judgment against the Plaintiff and for the Defendant.

NOW, THEREFORE, IT IS ORDERED that judgment enter against the Plaintiffs on all causes of action and Plaintiffs claims be dismissed with prejudice.