**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN S. WILLIAMSON and
NANCY L. WILLIAMSON,

        Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

        Defendant-Appellee.

No. 99-2294
(D.C. No. CIV-96-1082-M)
(D. N.M.)
(84 F. Supp. 2d 1217)

**ORDER AND JUDGMENT**   *

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs John S. Williamson and Nancy L. Williamson, representing themselves, appeal from an order of the district court that dismissed their action brought against the government under 28 U.S.C. § 2410 seeking to quiet title to property, to invalidate tax liens and levies made against them, to enjoin future collection efforts by the Internal Revenue Service (IRS), and to collect money damages for unlawful disclosure of their confidential tax return information. We have jurisdiction under 28 U.S.C. § 1291.

Plaintiffs argue on appeal that: (1) the district court ignored irregularities in the procedures used by the IRS, including lack of proper notice of assessment and demand for payment; (2) the IRS filed "dummy" 1040 forms for them and then illegally seized $45,397.96 from Mrs. Williamson based on these "dummy" forms; (3) the IRS made assessments of $0.00 and, thus, there is no tax deficiency to be paid; (4) Title 26 United States Code is a private law that does not apply to plaintiffs; (5) New Mexico is not a state as defined in Title 26 and the IRS therefore has no jurisdiction in New Mexico; (6) there is no contract requiring plaintiffs to comply with Title 26; (7) the IRS has no legal authority; (8) there is no such thing as a type of tax 1040; (9) the district court demonstrated bias against plaintiffs by calling them taxpayers and tax protesters; (10) the district court said it would fine the government for improper conduct but did not do so; and (11) the district court admitted inadmissible documentary evidence and

perjurious expert testimony. The government argues in opposition that the district court did not clearly err by finding that the IRS complied with procedural prerequisites to assessing and collecting plaintiffs' tax liabilities or by dismissing their claims, and asks this court to impose sanctions of $4,000 against plaintiffs for filing a frivolous tax appeal. Plaintiffs have responded to the motion for sanctions.

The district court found that, for every year plaintiffs challenged, the IRS's uncontroverted evidence showed that notices related to its collection efforts either were not required or were sent, and that plaintiffs' practice of refusing and returning mail from the IRS showed that notices actually reached them. See Williamson v. United States, 84 F. Supp. 2d 1217, 1221-22 (D. N.M. 1999). The court concluded that plaintiffs' case amounted to "nothing but their own insistence that [the IRS] has not complied with statutory and regulatory requirements." Id. at 1222. The court further concluded that the levies against Mrs. Williamson's salary and the Williamsons' real property were valid. See id. at 1224-25. Finally, the court held that disclosure of plaintiffs' tax information was in connection with these valid levies and was therefore authorized by 26 U.S.C. § 6103(k)(6). See Williamson, 84 F. Supp. 2d at 1225-26.

This court reviews the district court's factual findings for clear error and its legal conclusions de novo. See Anderson v. Commissioner, 62 F.3d 1266, 1270

(10th Cir. 1995). We have reviewed the district court's decision in light of the parties' materials, and find no error. Indeed, this court has repeatedly rejected most of plaintiffs' arguments as frivolous. See Lonsdale v. United States, 919 F.2d 1440, 1447-48 (10th Cir. 1990).

In any event, plaintiffs have made no reasoned attempt to demonstrate that the district court erred, and their appeal is frivolous. Their response to the motion for sanctions consists of more frivolous arguments: they are citizens of the sovereign state of New Mexico, they are not taxpayers, the Tax Court is a kangaroo court, etc. This court has previously adopted a flat rate sanction of $1,500 for a frivolous tax appeal. Cf. Casper v. Commissioner, 805 F.2d 902, 906 (10th Cir. 1986) ("We now choose to adopt a rule awarding a flat fee of $1,500 as a sanction for a frivolous appeal from a Tax Court decision."). Accordingly, we impose sanctions of $1,500 against plaintiffs.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED, the government's motion for sanctions is granted in the amount of $1,500, and the mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge