**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SAM WILLIAM PALMER,

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 12-9002

(Docket  No. 1398-10)
(United States Tax Court)

### ORDER AND JUDGMENT[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

submitted without oral argument.

Petitioner-appellant Sam William Palmer, proceeding pro se, appeals a decision of

the United States Tax Court finding that he owed a $656.00 deficiency on his 2006

---

   [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

income tax and $239.44 in penalties.  We exercise jurisdiction under 26 U.S.C. § 7482(a)(1), and we dismiss the case for Palmer's failure to pay sanctions we imposed in a prior proceeding.  We also grant the motion for sanctions filed by the Commissioner of Internal Revenue ("Commissioner").

## I

Palmer received $15,019 in income in 2006, but he did not file a tax return reporting his income, and he did not pay the tax due.  The Commissioner issued Palmer a notice of deficiency, stating that he had a tax deficiency of $656.00, a failure-to-file penalty of $147.60 under I.R.C. § 6651(a)(1), and a failure-to-pay penalty of $91.84 under I.R.C. § 6651(a)(2).  The notice of deficiency was signed on behalf of the Commissioner by Ann Hagemeyer, Field Director of Compliance Services at the IRS Brookhaven Service Center in Holtsville, New York.  Palmer sought redetermination of the tax in the United States Tax Court.

In Tax Court, Palmer did not dispute the Commissioner's deficiency tax determination nor did he dispute the penalties asserted against him.  Instead, Palmer argued that the notice of deficiency was unauthorized because only the district director designated to the district where he resided had authority to issue him the notice.  He argued that a director from Holtsville, New York, had no authority to issue him a notice because he is a resident of Oklahoma.  The Tax court rejected Palmer's argument as frivolous and sustained the Commissioner's deficiency determination and penalties.

2

**II**

This court has previously imposed sanctions for Palmer's "waste of judicial resources" in pursuing a frivolous appeal. Palmer v. Comm'r, No. 11-9018, 2012 WL 1949326, at *2 (10th Cir. May 31, 2012). In that case, Palmer raised essentially the same objections as he does here, arguing that the agents who issued a notice of deficiency for the 2007 tax year lacked proper authority. Id. at *1. We affirmed the decision of the Tax Court. We also imposed $4,000 in sanctions on Palmer for maintaining frivolous arguments on appeal. In light of the "relatively simple issues the Commissioner was required to address" in that case, we reduced the Commissioner's requested sanction amount from $8,000 to $4,000. Id. at *2.

The Commissioner contends that Palmer has failed to pay the $4,000 in sanctions that we had imposed in our prior order. According to the Commissioner, Palmer has paid only $1,500 of the $4,000 in sanctions. Palmer does not contend otherwise.

We have dismissed suits for a party's nonpayment of sanctions from prior actions. See, e.g., In re Hook, 336 F. App'x 789, 791-92 (10th Cir. 2009); Mann v. Boatright, 477 F.3d 1140, 1150 (10th Cir. 2007) (ordering that the plaintiff not be permitted to pursue additional appeals until she has complied with the sanctions imposed); Christensen v. Ward, 916 F.2d 1485, 1485 (same). Here, Palmer has not complied with our order requiring him to pay $4,000 to the Commissioner, and so we dismiss this appeal.

**III**

The Commissioner asks that we impose $8,000 in sanctions on Palmer for

3

maintaining a frivolous appeal. According to the Commissioner, we have already rejected Palmer's arguments as frivolous in his prior proceeding before this court, and further sanctions are appropriate to convey to Palmer that wasteful litigation is not without cost.

"This court has the inherent power to impose sanctions that are necessary to regulate its docket, promote judicial efficiency, and deter frivolous filings." Mann, 477 F.3d at 1150 (10th Cir. 2007). See also F.R.A.P. 38 ("If a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs."). The court's power to impose sanctions applies equally to pro se litigants. Kyler v. Everson, 442 F.3d 1251, 1253 (10th Cir. 2006) ("[P]ro se litigants are subject to the same minimum litigation requirements that bind all litigants and counsel before all federal courts.").

We hold that sanctions are warranted in light of our previous order denying Palmer's identical arguments and his failure to present any reasonable legal arguments before this court. Sanction awards for frivolous tax appeals "are to be determined on a case-by-case basis." Wheeler v. C.I.R., 538 F.3d 773, 783 (10th Cir. 2008). In addition to providing "an effective sanction for the bringing of a frivolous appeal," sanction awards "serve as an effective deterrent to the bringing of future frivolous appeals, and . . . recompense the government for at least the direct costs of the appeal." Id. (quoting Casper v. C.I.R., 805 F.2d 902, 906-07 (10th Cir. 1986)). In Palmer's prior proceeding before this court, we reduced the Commissioner's requested sanctions from $8,000 to

4

$4,000, noting that the case did not "present a situation in which the court or Commissioner were 'inundated' with a 'myriad of claims.'" Palmer, 2012 WL 1949326, at *2 (quoting Stearman v. Comm'r, 436 F.3d 533, 539 (5th Cir. 2006)). However, as evidenced by this appeal, the reduced sanction award of $4,000 did not serve as an effective deterrent to Palmer from bringing subsequent frivolous appeals to this court. When a taxpayer repeatedly engages in frivolous litigation to avoid paying lawful income taxes, this court has imposed the Commissioner's requested sanction award in full, especially if the taxpayer was undeterred by prior monetary sanctions. See, e.g., Ford v. Pryor, 552 F.3d 1174, 1180 (10th Cir. 2008); Kyler, 442 F.3d 1251; Williamson v. Sena, 230 F. App'x 815, 817 (10th Cir. 2007). In light of Palmer's repeatedly frivolous appeals, we grant the Commissioner's motion for sanctions in the full amount of $8,000.

## IV

Because Palmer has not complied with our order requiring him to pay $4,000 to the Commissioner, we DISMISS this appeal. The Commissioner's motion for sanctions in the amount of $8,000 is GRANTED.

Entered for the Court


Mary Beck Briscoe
Chief Judge